# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| MURRAY, INC., | ) | NO. 304-13611 |
| | ) | |
|     Debtor. | ) | JUDGE MARIAN F. HARRISON |
| | ) | |
| WILLIAM KAYE, AS TRUSTEE OF | ) | ADV. NO. 305-0760A |
| THE MURRAY LIQUIDATING | ) | |
| TRUST, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TECUMSEH POWER COMPANY, | ) | |
| | ) | |
|     Defendant. | ) | |

___

## MEMORANDUM OPINION
___

The Liquidating Trustee (hereinafter "Trustee") filed this adversary proceeding against the defendant to avoid and recover alleged preferential transfers pursuant to 11 U.S.C. §§ 547 and 550. The parties have entered into stipulations regarding the material facts and all legal issues except one. The remaining issues are: (1) "whether Defendant is entitled to a new value defense on account of invoices issued to the Debtor for goods

delivered during the Preference Period, which invoices were subsequently paid by the Debtor prior to the Petition Date" (hereinafter "paid new value"), and (2) whether the Trustee should be paid pre-judgment interest on any judgment.

The defendant filed a motion for summary judgment on the paid new value issue, and the Trustee opposes the motion. In addition, the Trustee asks for pre-judgment interest. For the following reasons, the Court finds that the defendant's motion for summary judgment should be granted and that the Trustee's request for pre-judgment interest should be denied.

## I. **STIPULATED FACTS**

The Trustee has established all elements of its prima facie case under 11 U.S.C. § 547(b) with respect to the transfers identified by the parties. The defendant has established all elements of a new value defense set forth in 11 U.S.C. § 547(c)(4) based on the invoices identified by the parties.

If paid new value is *not* eligible under 11 U.S.C. § 547(c)(4), the Trustee is entitled to a judgment for $4,396,405.24. If paid new value is eligible, the Trustee is only entitled to a judgment of $1,124,891.82. The matter of pre-judgment interest also remains for determination.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c), as incorporated by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In the present case, the parties agree that there is no genuine issue as to any material fact and that the question presented is a legal one.

## III. DISCUSSION

### A. Paid New Value

Pursuant to 11 U.S.C. § 547(c)(1)(A), the Trustee may not avoid a preferential payment "intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor." The question presented is whether this defense applies to invoices for goods delivered during the preference period and subsequently paid by the debtor prior to filing its bankruptcy petition.

The Sixth Circuit Court of Appeals has not addressed this issue, but the consensus of the bankruptcy courts within this Circuit, in particular this District, agree with the defendant's argument that the new value exception is not limited to unpaid new value. *See Info. Packaging Inc. v. Golden Eagle Prod., Inc. (In re Info. Packaging Inc.)*, 297 B.R.

3 - U.S. Bankruptcy Court, M.D. Tenn.

521, 524 (Bankr. M.D. Tenn. 2003) (new value exception to preference avoidance was not designed to limit credit for subsequent advances only to those subsequent advances that remained unpaid); ***Phoenix Rest. Group, Inc. v. Ajilon Prof'l Staffing (In re Phoenix Rest. Group, Inc.),*** 317 B.R. 491, 499 (Bankr. M.D. Tenn. 2004) ("[h]ad Congress intended 'otherwise unavoidable' to mean that new value must remain unpaid, it would simply have said so"). ***See also Intercont'l Polymers, Inc. v. Equistar Chem., L.P. (In re Intercont'l Polymers, Inc.),*** ___ B.R. ___, 2005 WL 3199201, at *11, (Bankr. E.D. Tenn. 2005) (rejects argument that new value must remain unpaid to assert new value defense); ***Roberds, Inc. v. Broyhill Furniture (In re Roberds, Inc.),*** 315 B.R. 443, 472 (Bankr. S.D. Ohio 2004) ("'paid' subsequent new value may be an affirmative defense to a preferential transfer"); ***Boyd v. The Water Doctor (In re Check Reporting Servs., Inc.),*** 140 B.R. 425, 432-33 (Bankr. W.D. Mich. 1992) (requirement that new value remain unpaid is an "'inaccurate and confusing paraphrase of the clearly stated statutory exceptions'") (quoting ***Valley Candle Mfg. Co., Inc. v. Stonitsch (In re Isis Foods, Inc.),*** 39 B.R. 645, 653 (W.D. Mo. 1984)).

This Court is persuaded by the reasoning in the cases set forth above.

### B. Pre-Judgment Interest

The Trustee requests pre-judgment interest from the date the adversary complaint was filed (October 14, 2005) to the date the parties signed the joint stipulations (November 29,

2006). Whether to grant pre-judgment interest is within the sole discretion of this Court. *See McLemore v. Third Nat'l Bank in Nashville (In re Montgomery),* 136 B.R. 727, 729-30 (M.D. Tenn. 1992); *Waldschmidt v. Sanders (In re Sanders)*, 213 B.R. 324, 335 (Bankr. M.D. Tenn. 1997). The purpose of pre-judgment interest is to compensate the estate for the use of wrongfully withheld funds. *Holcomb Health Care Serv., LLC v. Quart Ltd., LLC (In re Holcomb Health Care Serv.)*, 329 B.R. 622, 647 n.25 (Bankr. M.D. Tenn. 2004). Based on the stipulated facts, procedural history, and the substantive unresolved question of law, the Court finds that pre-judgment interest is not appropriate in this case.

## IV. **CONCLUSION**

Accordingly, the Court finds that the defendant's motion for summary judgment should be granted and its liability should be fixed at $1,124,891.82. Pre-judgment interest will not be added to the judgment amount.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**